IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| JOHNNY JOHNSON, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 23-2664 |
| | ) |
| DAVID VANDERGRIFF, | ) |
| | ) |
| Appellee. | ) |

**Suggestions in Opposition to Motion for Stay**

After more than 20 years, the family members of Casey Williamson learned they would receive justice on August 1, 2023. In a litigation strategy designed to forestall that justice, Johnson has consistently delayed in advancing his claims. While Johnson's delay is a sufficient reason to deny a stay, the remaining stay factors weigh against Johnson and in favor of Missouri and the victims of Johnson's crime. This Court should deny Johnson's request for a stay.

I. **The standard for a stay of execution is governed by *Hill v. McDonough*, 547 U.S. 573 (2006), and its progeny.**

Johnson spends six pages arguing that he is entitled to a stay of execution under a standard other than *Hill v. McDonough*, 547 U.S. 573

1

(2006), and its progeny. Mot. at 4–9; 18–19. Johnson is wrong. In *Hill*, the United States Supreme Court explained:

> We state again, as we did in *Nelson*, that a stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts.

*Hill*, 547 U.S. at 584 (citing *Nelson v. Campbell*, 541 U.S. 637, 649–50 (2004), *and In re Blodgett*, 502 U.S. 236, 239–240 (1992) (per curiam)).

More recently, the United States Supreme Court reaffirmed *Hill* and its holding, stating, "Both the State and the victims of crime have an important interest in the timely enforcement of a sentence." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1133 (2019) (quoting *Hill*, 547 U.S. at 584). And just yesterday, three members of the Court reaffirmed that, "Under well-established equitable principles, courts evaluating a stay must consider the applicant's likelihood of success on the merits and potential for irreparable injury, as well as other parties' injury and the public interest." *Barber v. Ivey*, 600 U.S. ---, 2023 WL 4669437 at *4 (July 21, 2023) (Sotomayor, J. dissenting from the denial of application for stay).

Against this settled precedent, Johnson offers little. For instance, Johnson cites to *Barefoot v. Estelle*, 463 U.S. 880, 895 (1983). Mot. at 5.

2

But *Barefoot* is of no use to Johnson since *Barefoot* is from a time before AEDPA, and *Barefoot* primarily concerned a stay request where the circuit court had issued a certificate of probable cause (the predecessor to certificates of appealability). *Barefoot*, 463 U.S. at 892–93. For the reasons set out in the Warden's suggestions in opposition, this Court has not and should not grant a certificate of appealability. As a result of all of this, *Barefoot* does not govern Johnson's request for a stay. These flaws persist through Johnson's citations to other pre-AEDPA cases (Mot. at 6).

Johnson's invocation of the All Writs Act fairs no better. Mot. at 18–19. Some members of the Supreme Court have suggested the All Writs Act could allow a court to stay an execution—when the federal court's jurisdiction is threatened by the actions of the federal courts. *See Delo v. Stokes*, 495 U.S. 320, 322 (1990) (Kennedy, J. concurring). In this case, the delay is traceable directly to Johnson, not to the federal courts. *See* Point II, *infra*. And, because stays of execution are equitable in nature, Johnson cannot delay for the purposes of threatening federal court jurisdiction and then invoke the All Writs Act. *See Hill*, 547 U.S. at 584 (stays are equitable in nature). Such actions run afoul of equitable principles.

Instead of Johnson's novel arguments, this Court should apply the well-established stay-of-execution principles found in *Hill*.

## II. Johnson is not entitled to a stay of execution.

A stay of execution is an equitable remedy that is not available as a matter of right. *Hill,* 547 U.S. at 584. A request for a stay of execution must meet the standard required for all other stay applications, including a showing of significant possibility of success on the merits of pending claims. *Id.*; *see also Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). Under that standard, a court should consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton*, 481 U.S. at 776.

In considering Johnson's request, this Court must apply "a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Id.* (citing *Nelson v. Campbell,* 541 U.S. 650 (2004)). "[L]ate-breaking changes in position, last-minute claims

4

arising from long-known facts, and other 'attempts at manipulation' can provide a sound basis for denying equitable relief in capital cases." *Ramirez v. Collier,* 142 S. Ct. 1264, 1282 (citing *Gomez v. United States Dist. Court for N. Dist. Of Cal.,* 503 U.S. 653, 654 (1992)). The "last-minute nature of an application" may be reason enough to deny a stay. *Id.*

The equities weigh in favor of the crime victims and the State and against Johnson. At the outset, the record in this case reveals that Johnson has engaged in a litigation strategy of delay. Nearly a month after the Missouri Supreme Court issued its execution warrant, Johnson filed a state court petition for writ of habeas corpus alleging, amongst other claims, that he was incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399, 417 (1985), *Panetti v. Quarterman*, 551 U.S. 930, 959–60 (2007), and their progeny. Johnson waited for nearly a month to file his petition, despite the fact that his expert visited Johnson in February 2023.[1] After briefing and receiving documentary evidence, the Missouri Supreme Court denied Johnson's petition for writ of habeas

---

[1] Johnson has never explained why he was unable to file his state habeas petitioner sooner given that his expert evaluated him in February 2023.

5

corpus finding, *inter alia,* "Johnson's evidence lacks credibility, particularly when viewed in light of the State's evidence, to demonstrate a substantial threshold showing of insanity." *State ex rel. Johnson v. Vandergriff*, 668 S.W.3d 574, 579 (Mo. 2023).

Despite his execution being scheduled less than fifty-four days after the Missouri Supreme Court's denial, Johnson delayed for twenty-two more days before filing a federal habeas petition in the United States District Court for the Eastern District of Missouri challenging the state court's decision denying his competency claim. *Johnson v. Vandergriff*, 4:23-CV-00845, Doc. 3 (E.D. Mo. June 30, 2023). The federal district court denied Johnson's petition. *Johnson v. Vandergriff*, 4:23-CV-00845, Doc. 23 (E.D. Mo. July 17, 2023). After waiting five more days, Johnson filed his application for stay and application for a certificate of appealability in this Court on Saturday, July 22, 2023, at 12:00 noon. Johnson has not, and cannot, plausibly explain why he waited nearly a week to request a certificate of appealability and a stay from this Court. The reason is that Johnson has intentionally delayed in order to construct a perceived advantage. Mot. at 9 (discussing Local Rule 47A's fourteen-day timeline).

6

At bottom, Johnson could have presented his claims in a more timely fashion, and his contention that he has not delayed ignores the reality that he has delayed 54 of the 94 days that have passed since the Missouri Supreme Court issued its execution warrant. That is a sufficient reason to deny his request for a stay.

Johnson is also not likely to prevail on the merits. Johnson's request for a stay must meet the standard required for all other stay applications, including a showing of significant possibility of success on the merits. *Id.* In this case, that requires Johnson to show that the Missouri Supreme Court's decision is: (1) contrary to or (2) an unreasonable application of clearly established Supreme Court precedent, or (3) that it rests on an unreasonable determination of the facts. 28 U.S.C. § 2254. AEDPA is a demanding standard that is "intentionally 'difficult to meet.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (additional internal quotes omitted).

For Johnson to show that the Supreme Court of Missouri's decision was contrary to clearly established Supreme Court precedent, Johnson must show the state court's decision "(1) contradicts a rule set forth in the Supreme Court's cases or (2) confronts a set of 'materially indistinguishable' facts and arrives at a different result." *Dansby v.*

7

*Payne*, 47 F.4th 647, 655 (8th Cir. 2022), cert. denied, 22-7222, 2023 WL 3937655 (U.S. June 12, 2023) (quoting *Williams v. Taylor*, 529 U.S. 362 405–06 (2000)).

"In order for a state court's decision to be an unreasonable application of [Supreme Court] case law, the ruling must be 'objectively unreasonable, not merely wrong; even clear error will not suffice.'" *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017) (quoting *Woods*, 575 U.S. at 316). That requires Johnson to show "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). This Court must evaluate "the reasonableness of the state court's ultimate conclusion, not necessarily the reasoning used to justify the decision." *Zornes v. Bolin*, 37 F.4th 1411, 1415 (8th Cir. 2022) (citing *Dansby v. Hobbs*, 766 F.3d 809, 830 (8th Cir. 2014)). "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Dansby*, 47 F.4th at 656 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

And to prove that the Supreme Court of Missouri's decision rests on an unreasonable determination of the facts, Johnson must establish "by clear and convincing evidence" that the fact finding was incorrect. *Cole v. Roper*, 783 F.3d 707, 711 (8th Cir. 2015); § 2254(d)(2). A factual determination is not unreasonable "merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood*, 558 U.S. at 301. Moreover, the existence of some contrary evidence in the record does not demonstrate that the state court's factual determination was unreasonable. *See id.* at 302–03.

These standards are incredibly demanding, and for the reasons set forth in the district court's opinion, R. Doc. 23, as well as the suggestions in opposition to the application for a certificate of appealability, Johnson cannot show a likelihood of success on the merits. At bottom, Johnson's claims of error amount to little more than his hope that a federal court will disagree with the decision of the Supreme Court of Missouri. But, as AEDPA commands, mere disagreement is not enough.

Even more than that, Johnson is not incompetent to be executed. The state court heard Johnson's evidence and "concluded that Johnson's evidence and argument were so weak as to not even clear the first hurdle

9

. . . ." R. Doc. 23 at 9. What remains is the strong presumption of competency, established at the first trial. *Cole*, 783 F.3d at 711; *see also Ford v. Wainwright*, 477 U.S. 399, 426 (1986) (Powell, J., concurring)). Johnson simply cannot show a likelihood of success on the merits.[2]

A stay would also irreparably harm both the State and Johnson's victims. This Court has repeatedly recognized the States' important interests in enforcing lawful criminal judgments without federal interference. "The power to convict and punish criminals lies at the heart of the States' 'residuary and inviolable sovereignty.'" *Shinn,* 142 S. Ct. 1718, 1730 (2022) (quoting The Federalist No. 39, p. 245 (J. Madison) (Clinton Rossiter ed. 1961)); *see also Gamble v. United States*, 139 S. Ct. 1960, 1968–69 (2019). "Thus, [t]he States possess primary authority for

---

[2] Even if Johnson does succeed in overcoming "all of these limits, [Johnson] is never entitled to habeas relief" because "[h]e must still persuade a federal habeas court that law and justice require it." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022) (quoting *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022)); *see* § 28 U.S.C. § 2243; *see also Jerrod Corley v. Paul Blair*, 2023 WL 4261608 at *2 (Mo. E.D. June 29, 2023). "Law and justice" do not require habeas relief be given to Johnson because he is factually guilty of a terrible murder of a six-year-old girl, and the jury heard and rejected his mental health defense at trial, and because he is competent to be executed. *See Corley v. Blair*, 2023 WL 4261608 at *2; *see also Crawford v. Cain*, 68 F.4th 273, 287 (5th Cir. 2023), *rehearing en banc granted* 2023 WL 4246082 (June 29, 2023).

10

defining and enforcing the criminal law and for adjudicating constitutional challenges to state convictions." *Id.* (quotations and citations omitted). Federal intervention "disturbs the State's significant interest in repose for concluded litigation," and it "undermines the States' investment in their criminal trials." *Id.* (quotations and citations omitted). "Only with real finality can the victims of crime move forward knowing the moral judgment will be carried out." *Id.* (quoting *Calderon v. Thompson*, 523 U.S. 538, 556 (1998)). "To unsettle these expectations is to inflict a profound injury to the powerful and legitimate interest in punishing the guilty, an interest shared by the State and the victims of crime alike." *Id.* (quoting *Calderon*, 523 U.S. at 556). As a result, the public interest weighs in favor of denying the stay.

11

## Conclusion

Johnson has carried out a strategy of intentional delay, and that is an independent and adequate reason to deny a stay. Additionally, Johnson is unable to meet the well-established test in *Hill*. Simply put, Johnson is not entitled to a stay on his belated, meritless claims. This Court should deny his request for a stay.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

/s/ *Gregory M. Goodwin*
GREGORY M. GOODWIN
Assistant Attorney General
Missouri Bar #65929
P.O. Box 899
Jefferson City, MO 65102
(573) 751-7017
(573) 751-2096 Fax
gregory.goodwin@ago.mo.gov

Attorneys for Respondent

## Certificates of Compliance and Service

I hereby certify:

1. This document complies the word limit of Fed. R. App. P. 27(d)(2) and Local Rule 22B(d) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document is fewer than 20 pages, and is 2,298 words long, which is fewer than 5,200 words.

2. This document complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word 2016 in Century Schoolbook 14.

3. This document was electronically filed through the CM/ECF system on 22nd day of July, 2022, and that counsel for the Petitioner was served thereby.

*/s/Gregory M Goodwin*
Assistant Attorney General